# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**WILLIE NORRIS BARKER,**                                                **PLAINTIFF**

**V.**                                                         **NO. 1:06CV10-D-D**

**STATE OF MISSISSIPPI,**                                             **DEFENDANT**

## O P I N I O N

This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, who is proceeding *pro se*, files this complaint pursuant to 42 U.S.C. § 1983. Plaintiff was arrested in May 1979 and charged with rape. In December 1979, plaintiff was tried by a jury, convicted of the charge, and sentenced to serve 12 years in the custody of the Mississippi Department of Corrections. He appealed the conviction to the Mississippi Supreme Court, which affirmed the findings and sentence. He served five years and four months, then was released.

Plaintiff now argues that his due process rights were violated in that no arrest warrant was issued before he was taken into custody. Plaintiff asks that his "conviction be thrown out due to violation of plaintiff's due process rights ...." He apparently relies on Rule 60(b), Federal Rules of Civil Procedure, and therefore is asking the court for relief from a judgment.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

Rule 60(b) pertains to judgments in a civil case, and in no way can be used as a vehicle for appealing a state court criminal conviction. When a prisoner brings a § 1983 action seeking damages, the trial court must ascertain whether a judgment in favor of the plaintiff in the § 1983 action would necessarily imply the invalidity of his conviction or sentence. *Heck v. Humphrey*,

512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 2372 (1994). If it would, the prisoner must show that his conviction has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" in order to state a claim. *Id*. at 114 S.Ct. 2373. If not, dismissal of the § 1983 action is appropriate.

While plaintiff is no longer a prisoner, the allegations clearly are covered by *Heck*. Unquestionably, any judgment in favor of the plaintiff would imply the invalidity of his conviction or sentence. He has not alleged that his conviction has been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," and the court can find no indication that the conviction was set aside. As a result, his complaint is legally frivolous under 28 U.S.C. § 1915(d). Consequently, it should be dismissed with prejudice. *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994).

A final judgment in accordance with this opinion will be entered.

THIS the 31st day of January, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE